# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVIO MANNEL, | No. 4:25-CV-01436 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN J. GREENE, | |
| Respondent. | |

## MEMORANDUM OPINION

### AUGUST 12, 2025

Petitioner Sylvio Mannel, who is confined at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, he challenges the sentencing calculations made by the Federal Bureau of Prisons (BOP). Because Mannel has failed to exhaust his administrative remedies and that failure to exhaust is evident from the face of his Section 2241 petition, the Court must dismiss his petition.

## I.  BACKGROUND

Mannel is currently serving a 48-month sentence imposed by the United States District Court for the Western District of Missouri for possession of child pornography.[1] According to Mannel, he was arrested in Italy in September 2021

---

[1] *See United States v. Mannel*, 3:15-CR-05039, Doc. 82 at 1-2 (W.D. Mo. May 20, 2025).

and spent a year in extradition custody there until he was transferred to the custody of the United States Marshal Service in September 2022.[2]  Mannel claims that the BOP has improperly failed to credit this year in extradition custody toward his current sentence.  He maintains that, under a correct calculation of his sentence that includes the year he spent in extradition custody related to the at-issue child pornography offense, his release date has already passed.

Mannel appears to have first raised this sentencing issue with the BOP on July 8, 2025, when he filed a BP-8 administrative remedy informal resolution form.[3]  He received a response from his correctional counselor one week later, stating that Mannel is "not eligible for immediate release at this time" and that his projected release date is February 4, 2026.[4]  Mannel asserts that he then filed a BP-9—a formal administrative remedy—on July 22, 2025, which is still pending.[5]

On August 4, 2025, Mannel lodged the instant Section 2241 petition in this Court.  Because it plainly appears from the face of his petition and attached exhibits that Mannel has failed to exhaust administrative remedies, the Court will dismiss his Section 2241 petition without requiring a response from the government.[6]

---

[2]   *See* Doc. 1 at 2, 6; Doc. 1-1 at 2.
[3]   *See* Doc. 1 at 2; Doc. 1-1 at 2.
[4]   Doc. 1-1 at 2.
[5]   Doc. 1 at 3.
[6]   *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *see also* 28 U.S.C. § 2254 Rule 1(b) (permitting

## II.    DISCUSSION

Mannel raises a straightforward sentencing-calculation dispute.  He contends that the BOP failed to give him sentence credit for the year he spent in extradition custody in Italy before being transferred to the United States.  But Mannel failed to exhaust his administrative remedies, so the Court must dismiss his petition without prejudice because it is barred from reviewing his claim on the merits.[7]

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[8]  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[9]

The BOP has a specific internal system through which federal prisoners can request review of any aspect of their imprisonment.[10]  That process begins with an

---

district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).

[7] *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 762 (3d Cir. 1996); *Ryan v. United States*, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing *Moscato*, 98 F.3d at 760)); *see also Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (noting district courts' "inherent power to dismiss sua sponte a complaint which facially violates a bar to suit").

[8] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).

[9] *Moscato*, 98 F.3d at 761-62 (citations omitted)

[10] *See generally* 28 C.F.R. §§ 542.10-.19.

informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[11]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[12] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[13] Exhaustion is likewise excused when it would be futile.[14] "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[15]

Mannel concedes that he has not exhausted his administrative remedies.[16] He appears to argue that exhaustion would be "futile" because "time is of the essence," as he "should have been released 4 months ago."[17] According to his petition, Mannel has not yet received a response to his administrative remedy (BP-9) from the Warden of FCI Allenwood Low, as it was just recently filed on July

---

[11] *See id.* §§ 542.13-.15.
[12] *See Moscato*, 98 F.3d at 761.
[13] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[14] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).
[15] *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).
[16] *See* Doc. 1 at 3.
[17] *See id.*

22, 2025. And it follows that without such a response, Mannel has not appealed to the Regional Director or to final review with the General Counsel.

Mannel has not made a "clear positive showing" that exhaustion would be futile. Indeed, it is possible that his administrative remedy to the Warden (or an appeal to the Regional Director or to General Counsel) may result in the relief he seeks, or at the very least create a developed record for federal habeas review. Mannel appears to contend that exhaustion is futile because pursuing his claim through the full administrative process would take too much time.[18] This argument has been consistently rejected by district courts, primarily because it would incentivize intentionally skirting the administrative process and waiting to file a Section 2241 petition until the petitioner's claimed release date is bearing down on the parties and the court.[19] "[T]he calamity—if any—which [Petitioner] might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the exhaustion requirement."[20]

---

[18] *See id.*
[19] *See, e.g.*, *Bortolotti v. Knight*, No. 22-cv-, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022) ("Courts have rejected these time restriction arguments because they allow prisoners to engage in the self-serving strategy of waiting until it is too late to engage in the administrative remedy process, and then argue that there is insufficient time for those remedies to run their course."); *Ortiz v. Zickefoose*, No. 10-cv-6767, 2011 WL 6140741, at *4 (D.N.J. Dec. 8, 2011) (collecting cases); *Velez v. Zickefoose*, No. 10-cv-3992, 2010 WL 5186158 at *3-4 (D.N.J. Dec. 15, 2010)(explaining that "such self-serving strategy has never been rewarded by the courts with habeas relief"); *Shoup v. Shultz*, No. 09-cv-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009).
[20] *Shoup*, 2009 WL 1544664, at *5.

Moreover, because Mannel has failed to exhaust his administrative remedies, it is impossible for the Court to determine what the BOP's official position is regarding his sentencing-calculation claim. Sentencing calculations are well within the purview of the BOP, which is best situated to address (and potentially correct) these issues in the first instance. Mannel's failure to exhaust his sentencing-calculation claim thus deprives this Court of a properly developed record for review.[21] Consequently, the Court must dismiss Mannel's Section 2241 petition for failure to exhaust administrative remedies.[22]

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss without prejudice Mannel's petition for a writ of habeas corpus. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[21] *See Donnelly v. Fed. Bureau of Prisons*, No. 10-cv-3105, 2012 WL 2357511, at *4-5 (D. Minn. May 30, 2012) (noting that one of the primary purposes of exhaustion is to develop the relevant factual and legal issues, as "[t]he administrative remedies process hones the factual record, and brings clarity to the legal issues presented in the case," and concluding that the purported challenge to a BOP policy "should have been fine-tuned and vetted before being brought into federal court"), *report & recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012); *Armstrong v. Grondolsky*, 341 F. App'x 828, 831-32 (3d Cir. 2009) (nonprecedential) ("Exhausting administrative remedies . . . allows the agency to develop a factual record that will later facilitate judicial review. . . . The importance of the development of an accurate factual record where sentence computation is at issue cannot be overstated." (citation omitted)).

[22] *See Moscato*, 98 F.3d at 761.